IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ANDREA KYLE ARRINGTON as Guardian/Conservator of the Estate of John Daniel Arrington,<br><br>    Plaintiff,<br><br>    v.<br><br>AUSTIN COMMERCIAL, LP; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)    2:22cv616-MHT<br>)       (WO)<br>)<br>)<br>)<br>) |

**ORDER**

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.

*See* 28 U.S.C. § 1332(a)(1).

The notice of removal fails to meet this standard. Plaintiff has brought this lawsuit in the capacity of a personal representative for an infant or incompetent. "[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Because the notice of removal sets forth the citizenship of only the personal representative and not that of the infant or incompetent, the notice does not adequately establish grounds for this court to assume removal jurisdiction of this matter.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that defendant Austin Commercial, LP has until February 27, 2023, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise, this cause shall be remanded to state court.

DONE, this the 13th day of February, 2023.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**